IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HECTOR ETELVINO MIRANDA PEREZ,

    Petitioner,

v.                                                        No. 1:25-cv-01324-SMD-GBW

MELISSA ORTIZ, MARISA FLORES,
TODD LYONS, KRISTI NOEM,
and PAMELA BONDI,

    Respondents.

## ORDER GRANTING HABEAS PETITION

**THIS MATTER** is before the Court on Petitioner Hector Etelvino Miranda Perez's ("Petitioner's") petition for writ of habeas corpus (Doc. 1), filed on December 21, 2025. Respondents filed their answer on February 18, 2026. Doc. 22. After careful consideration of the law and relevant facts, the Court will GRANT Petitioner's request for a writ of habeas corpus.

## BACKGROUND

Petitioner is a citizen of Guatemala who entered the United States without inspection around January of 2006. Doc. 1 ¶¶ 14, 41. Petitioner has three children (all of whom are U.S. citizens) and owns a carpentry business in Florida. *Id.* ¶ 44. Petitioner has committed a handful of traffic violations and one violation of Florida's Litter Law. *Id.* He has no other criminal history. *Id.* On August 6, 2025, Petitioner was arrested at a traffic stop. *Id.* ¶ 42. He was then detained in Immigration and Custom Enforcement's ("ICE's") custody at Florida's Soft South Side. *Id.* ¶ 45. Petitioner was later transferred to the Torrance County Detention Center in Estancia, New Mexico, where he has remained since. *Id.* ¶ 1, 43. Petitioner is charged with, inter alia, entering the United States without inspection. *Id.* ¶ 2.

The Government does not proffer any additional facts regarding this case. Their answer maintains that individuals who are present in the United States without being admitted or paroled are subject to mandatory detention under § 1225(b). However, the Government concedes that under this Court's prior application of § 1226(a), Petitioner's case does not present facts that are "materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." Doc. 22 at 2.

Petitioner's request for habeas relief alleges that his continued detention without notice or opportunity for a hearing violates his rights under 8 U.S.C. § 1226(a), the bond regulations set forth in 8 C.F.R. § 236.1, and his Fifth Amendment right to due process. *Id.* ¶¶ 48–59. As relief, Petitioner seeks immediate release from detention or a bond hearing. *Id.* ¶ 51.

## DISCUSSION

This Court has jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A district court may grant a writ of habeas corpus to a petitioner who demonstrates that "[h]e is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3).

I.    Statutory Framework: 8 U.S.C. §§ 1225 and 1226

Sections 1225 and 1226 govern the detention of noncitizens prior to a final order of removal. *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States"—i.e., "applicants for admission." *Id.* at 297. Applicants for admission are noncitizens "present in the United States who ha[ve] not been admitted" or those "arriv[ing] in the United States." *Id.* Detention pursuant to § 1225(b)(2)(A) is required "if the examining immigration officer determines that [a noncitizen] seeking admission

is not clearly and beyond a doubt entitled to be admitted." Noncitizens detained pursuant to § 1225(b)(2) cannot be released on bond.

In contrast, Section 1226(a) establishes detention guidelines for noncitizens "already present in the United States." *Jennings*, 583 U.S. at 303. Under § 1226(a), a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." Noncitizens detained pursuant to § 1226(a) are therefore generally entitled to individualized bond hearings. *See id.* at 306.

Sections 1225(b)(2)(A) and 1226(a) are mutually exclusive in that both provisions cannot simultaneously govern Petitioner's detention. *E.g., Romero v. Hyde*, 795 F. Supp. 3d 271, 286 (D. Mass. 2025); *see also Patel v. Crowley*, No. 25-cv-11180, 2025 WL 2996787, at *5 (N.D. Ill. Oct. 24, 2025); *Artiga v. Genalo*, No. 25-cv-5208, 2025 WL 2829434, at *4 (E.D.N.Y. Oct. 5, 2025). Petitioner challenges his detention under § 1225(b)(2)(A) as inconsistent with the plain language of the INA. Doc. 1 ¶ 52. Petitioner argues that he is entitled to a bond hearing under § 1226(a). The Government maintains that individuals who are present in the United States without being admitted or paroled are subject to mandatory detention under § 1225(b). However, the Government concedes that under this Court's prior application of § 1226(a), Petitioner's case does not present facts that are "materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." Doc. 22 at 2. Thus, if the Court applies the law in a manner parallel to *Martin Ramirez v. Noem*, 2:26-cv-00063 (D.N.M. Feb. 11, 2026), Petitioner's writ should be granted. *Id.*

The Court finds that Petitioner's removal proceedings are governed by Section 1226(a), i.e., that he is someone who was "already present in the United States." *Jennings*, 583 U.S. at 303. He is therefore not subject to the mandatory detention provisions of § 1225 and is entitled to a

bond hearing. *See Aragon v. Noem*, No. 2:26-CV-00065, 2026 WL 458449, at *2 (D.N.M. Feb. 18, 2026); *Cortez-Gonzalez v. Noem*, ___ F. Supp. 3d ___, 2025 WL 3485771, at *3 (D.N.M. Dec. 4, 2025); *Velasquez Salazar v. Dedos*, No. 1:25-cv-00835-DHU-JMR, 2025 WL 2676729, at *4 (D.N.M. Sept. 17, 2025); *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-cv-01031-KG-JFR, 2025 WL 3187432, at *3 (D.N.M. Nov. 14, 2025); *see also Figuera v. Ripa*, No. 26-CV-20307-JB, 2026 WL 467569, at *5 (S.D. Fla. Feb. 19, 2026); *Wuilmer v. Noem*, No. 25-CV-3236 (NEB/JFD), 2026 WL 458457, at *3 (D. Minn. Feb. 18, 2026); *Villatoro v. Ripa*, No. 2:26-CV-00213-SPC-DNF, 2026 WL 452432, at *1 (M.D. Fla. Feb. 18, 2026).

    II.    <u>The Government's Indefinite Detention of Petitioner Violates His Fifth Amendment Rights.</u>

The Court finds that Petitioner's continued detention violates Petitioner's Fifth Amendment. Courts analyze due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *Garcia Domingo v. Castro*, 806 F. Supp. 1246, 1251–52 (D.N.M. Oct. 15, 2025) (citing *Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690; *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004) ("[T]he interest in being free from physical detention by one's own government" is "the most elemental of liberty interests"). "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). Though the Government, "may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings," that "limited period" cannot be indefinite. *Demore v. Kim*, 538 U.S. 510, 527

(2003). As the length of detention stretches on, an individual's due process interests escalate and the government's burden to justify continued detention mounts. *Id.* at 529; *Jennings*, 583 U.S. at 310–11; *Mohamed v. Sec'y Dep't of Homeland Sec.*, 376 F. Supp. 3d 950, 957 (D. Minn. 2018).

In denying Petitioner's protected liberty interest, the Government has offered neither justification nor process. Petitioner has been detained for more than six months and, under current agency precedent, is ineligible for a bond hearing. The Government has not produced any evidence demonstrating that they have plans to remove Petitioner, that they have taken any steps to facilitate such removal, or that removal is otherwise likely in the foreseeable future. For his part, Petitioner has demonstrated that he has significant ties to the United States, through both his business and his three children. He has also demonstrated that he does not pose a danger to the community, as he has lived in the United States for twenty years without any criminal history. The Government concedes these facts. Thus, the Government's decision to indefinitely detain Petitioner without explanation or a reasonable likelihood of removal runs afoul of the Fifth Amendment. Because Respondents have not provided a legal basis for Petitioner's continued detention, Petitioner is entitled to relief pursuant to § 2241. rights. *See Cobix v. Raycraft*, No. 1:25-CV-1669, 2025 WL 3562651, at *8 (W.D. Mich. Dec. 12, 2025).

## CONCLUSION

The Court finds no significant likelihood Petitioner will be removed in the reasonably foreseeable future. It is hereby **ORDERED**:

1) The verified Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

2) Respondents shall release Petitioner within 48 hours of this Order.

3) Respondents shall facilitate Petitioner's transportation from the detention facility by notifying Petitioner's counsel of when and where he can be collected and providing identity documents sufficient to board a domestic flight to return to Florida.

4) Respondents shall file a notice of compliance within 48 hours of Petitioner's release and notify the Court of the date, time, and manner of Petitioner's release.

5) Respondents are enjoined from re-detaining Petitioner without providing Petitioner with timely notice of the grounds for revocation and an opportunity to respond.

**IT IS SO ORDERED.**

_____
**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**